# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MATTHEW JOHN PROUGH, #23023735,<br>   Plaintiff,<br>vs.<br><br>DALLAS COUNTY JAIL, ET AL.,<br>   Defendants. | )<br>)<br>)   No. 3:23-CV-2182-X-BH<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

To the extent that the plaintiff's correspondence, received October 17, 2023 (doc. 7), may be liberally construed as a renewed motion for the appointment of counsel, it is **DENIED**.

Matthew John Prough (Plaintiff) sues several defendants under 42 U.S.C. § 1983 for alleged violations of his civil rights. (*See* docs. 3, 4.)  By order dated October 3, 2023, his motion for the appointment of counsel was denied. (*See* docs. 6, 8.)  His correspondence states that he has now received from Legal Aid of Northwest Texas a letter denying his request for appointment of counsel, and he requests that it be added to his initial request for counsel.  (*See* doc. 12.)

"Absent exceptional circumstances, there is no automatic right to appointment of counsel in a civil rights case." *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998).  In cases where a plaintiff has been granted permission to proceed *in forma pauperis*, as here, the Court may request an attorney to represent any person unable to employ counsel." 28 U.S.C. § 1915(e)(1). Whether to appoint counsel hinges

> on many factors, including the type and complexity of the case; the petitioner's ability adequately to present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in a just determination."

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

*Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). Courts should generally make specific findings on each of these factors. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986).

As noted in the denial of his initial motion, Plaintiff has still failed to show that counsel should be appointed at this early stage of the litigation. The screening of the case required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B) has not yet been completed because he has still not responded to a magistrate judge's questionnaire sent to him to obtain more information about his claims. Plaintiff's pleadings and written submissions reflect some understanding of court rules and procedures. The letter does not affect the prior finding that the issues in the case are fairly straightforward and not complex, and that it is currently unclear whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination, or whether the appointment of counsel will shorten trial or assist in a just determination. As stated in the prior order, if the case proceeds to trial, the Court may on its own motion reconsider whether the circumstances warrant appointing counsel at that time.

Plaintiff is reminded that the order granting him permission to proceed *in forma pauperis* specifically directed that no additional motions for the appointment of counsel should be filed, and that service of process would not be ordered, until the judicial screening required by statute has been completed. (*See* doc. 10.) Plaintiff must not attempt to circumvent that order by attempting service himself.

Any renewed motion for appointment of counsel is **DENIED.**

**SO ORDERED this 30th day of October, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE